UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| TAMMY HERSEY, as Personal Representative of the Estate of Jason Hersey,<br><br>   Plaintiff,<br><br> v.<br><br>KEMPER INDEPENDENCE INSURANCE COMPANY,<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) CV-10-31-B-W<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER ON MOTION TO DISMISS**

The Court denies a homeowner insurer's motion to dismiss a reach and apply action because the allegations of the complaint are sufficient to state a claim.

**I. STATEMENT OF FACTS**

On December 28, 2009, the Estate of Jason Hersey (Estate), through its personal representative Tammy Hersey, filed a reach and apply action pursuant to 24-A M.R.S.A. § 2904 against Kemper Independence Insurance Company (Kemper) in Aroostook County Superior Court, state of Maine.[1] *Compl.* Attach. 1 (Docket # 1). On January 20, 2010, Kemper removed the action on the basis of this Court's diversity jurisdiction. *Notice of Removal* (Docket # 1). With the Notice of Removal and Answer, Kemper moved to dismiss the Complaint, asserting that it fails to allege facts which, if proven, would establish coverage under Kemper's policy. *Mot. to Dismiss* (Docket # 5) (*Def.'s Mot.*). The Estate responded on February 5, 2010 and

---

[1] "Maine's reach and apply statute allows an injured party who has obtained a final judgment against an insured tortfeasor to institute a separate civil action against the insurer to satisfy the judgment if, among other things, the tortfeasor 'was insured against such liability.'" *Edwards v. Lexington Ins. Co.*, 507 F.3d 35, 38 n. 1 (1st Cir. 2007) (quoting 24-A M.R.S.A. § 2904); *see also Ashe v. Enter. Rent-A-Car*, 2003 ME 147, ¶ 14, 838 A.2d 1157, 1162.

Kemper replied on February 9, 2010.  *Pl.'s Objection to Def.'s Mot. to Dismiss* (Docket # 8) (*Pl.'s Ob.*); *Def.'s Reply Mem. in Support of Mot. to Dismiss* (Docket # 9) (*Def.'s Reply*).

The Complaint contains only ten paragraphs and accomplishes three things.  First, it identifies the parties: Tammy Hersey, the personal representative of the Estate of Jason Hersey, who died on April 2, 2004 in a motor vehicle accident; and, Kemper.  *Compl.* ¶¶ 1, 2.  Second, it describes the circumstances surrounding the motor vehicle accident in which Mr. Hersey died: that he was a passenger in an automobile operated by Jamison O'Neal, who lost control and caused the fatal accident.  *Id.* ¶ 4.  The Complaint alleges that a few hours before the accident, Laurie Hafford provided alcohol to Mr. O'Neal, a minor, and that she was later convicted of doing so, and that Mr. O'Neal drank the alcohol and was intoxicated at the time of the motor vehicle accident.  *Id.* ¶ 5.  It alleges that with David Condon's consent, Ms. Hafford lived at Mr. Condon's home with their three children, and that Mr. Condon's home was insured at the time of the accident by Kemper.  *Id.* ¶¶ 6, 10.  Finally, it alleges that Ms. Hersey had brought a negligence action against Laurie Hafford in Aroostook County Superior Court and was awarded $200,000.  *Id.* ¶¶ 7-8.  The Estate is bringing the action pursuant to 24-A M.R.S.A. § 2904, Maine's reach and apply statute.

Kemper's initial motion to dismiss is terse to a fault.  Only one paragraph, it simply asserts that the Complaint "does not allege any facts which, if proven, would establish coverage under Defendant's alleged policy of insurance with David Condon."  *Def.'s Mot.* at 1.  The Estate's similarly succinct one page response essentially reiterates the contents of the Complaint and declares that the "Plaintiff's Complaint does state a claim on which relief can be granted."  *Pl.'s Ob.* at 1.  Kemper's position is articulated only in its reply.[2]

---

[2] Kemper's barebones one paragraph motion violates both the letter and spirit of the rules.  The original motion did not place the Estate on any meaningful notice of Kemper's underlying contentions, and provoked a similarly

## II.     DISCUSSION

### A.     Legal Standards

In ruling on a motion to dismiss for failure to state a claim, the Court assumes the truth of the allegations in the Complaint.  "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plan statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).  Rule 12(b)(6), however, provides that a court may dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  The Supreme Court recently addressed the standard to be applied to a Rule 12(b)(6) motion:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' [*Twombly*, 550 U.S. at 570].  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Id.* at 556.  The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.  *Id.* Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'  *Id.* at 557 (internal quotation omitted).

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss."  *Id.* at 1950.

Here, the Complaint alleges that Kemper provided homeowner's insurance for David Condon, that Laurie Hafford lived at the time in Mr. Condon's residence with his consent, that

---

conclusory response.  To file a reply setting out for the first time Kemper's legal theory for dismissal violates Local Rule 7(c), which stipulates the reply "shall be strictly confined to replying to new matter raised in the objection or opposing memorandum."  D. Me. Local Rule 7(c).  The Estate did not raise any new matter in its response, and therefore Kemper had no right under the Rule to reply at all.
     Kemper's reply also violates the spirit of the Rule by effectively depriving the Plaintiff of a counterargument and the Court of the benefit of a point and counterpoint.  One alternative would have been to strike the reply as violative of the rule, and to summarily dismiss the motion, since the legal argument was never developed.  Instead, the Court has reached the merits, but cautions counsel for the Defendant not to engage in this practice again.

Ms. Hafford supplied alcohol to Jamison O'Neal, that the alcohol contributed to Jason Hersey's death, that Ms. Hafford was convicted of furnishing alcohol to a minor, that the Estate brought a lawsuit against Ms. Hafford, that Kemper had notice of the accident and of the lawsuit, and that the Estate is entitled to judgment under 24-A M.R.S.A. § 2904.

Reviewing the allegations in the Complaint, Kemper is certainly on fair notice of what the claim is and the grounds upon which it rests. *Twombly*, 550 U.S. at 555. The Estate is claiming that Ms. Hafford is insured under the Kemper policy, that her actions in supplying liquor to a minor are covered under the terms of the policy, that she has been found legally responsible for Mr. Hersey's death, and that Kemper is liable for the amount of the judgment against Ms. Kemper to the extent of its coverage.

### B.     Kemper's Contentions

Even with Kemper's slightly more elaborate reply, it is difficult to understand the exact basis of the motion to dismiss. Kemper first observes that the "only allegation in the Complaint that pertains to Defendant is in Paragraph 10 in which it alleges that Defendant provided homeowner's insurance coverage to David Condon and had notice of the accident and claim prior to a judgment against Condon himself. The rest of the Complaint, and Plaintiff's opposing memorandum, pertains to a Laurie Hafford." *Def.'s Reply* at 2 (citation omitted).

It seems Kemper is saying that the Complaint should be dismissed because it does not state a claim against its named insured David Condon. It is true that the Complaint does not come right out and allege that Laurie Hafford was insured under the Kemper policy, but the necessary implication of the entire reach and apply action and the allegation of her living with the named insured is that the Kemper policy extends coverage to residents of the insured's household. Without the policy, the Court cannot determine whether Ms. Hafford fits within its

definition of an insured, but will not assume she does not. *See Acadia Ins. Co. v. Mascis*, 2001 ME 101, 776 A.2d 617 (addressing a motor vehicle insurance policy that defined "insured" to include a "family member" and defined "family member" to include "a person related to you by blood, marriage or adoption who is a resident of your household"). Whether the Kemper definition of "insured" clearly includes or excludes Ms. Hafford or contains ambiguities that if interpreted against the insurer would provide coverage to Ms. Hafford is unanswerable at this point. *Sarah G. v. Me. Bonding & Casualty Co.*, 2005 ME 13, ¶ 10, 866 A.2d 835, 838.

The gist of Kemper's second contention is that there is no basis to conclude that its homeowner's policy "allegedly issued to someone else would insure Hafford against her own criminal acts allegedly causing an alcohol-related, fatal automobile accident." *Def.'s Reply* at 3. At this early stage, however, the Court is in no position to rule as a matter of law that Ms. Hafford could not be insured under any conceivable homeowner's policy or that as an insured, she could not be covered for damages resulting from furnishing alcohol to a minor.

Again, Kemper has not placed the policy before the Court, and the Court is unaware of what provision Kemper contends excludes coverage. The Court can speculate that the Kemper policy contains standard "expected or intended by the insured" and "criminal act" limitations on coverage, but cannot assume that it does. Even if the Kemper policy includes such exclusions, the question of whether coverage is nevertheless afforded remains open. For example, in *Teachers Ins. Co. v. Schofield*, addressing whether a homeowner's policy extended coverage to a woman convicted of manslaughter, Judge Carter concurred that the policy's exclusions against injury "expected or intended by the insured" and its "criminal act exception" barred coverage, but still concluded that other provisions of the homeowner's policy generated a duty to defend. 284 F. Supp. 2d 161 (D. Me. 2003). Unlike *Schofield*, the Court does not know whether the

Kemper policy contains a criminal act or expected or intended exception and cannot determine whether its terms are as broad as the policy language in *Schofield*. The Court also does not know whether Kemper is more broadly asserting a general principle that no insurance coverage ever extends to harm caused by the commission of a criminal act, or whether there is some other basis for denying coverage. *Compare Royal Ins. Co. v. Pinette*, 2000 ME 155, 756 A.2d 520, *with Patrons-Oxford Mut. Ins. Co. v. Dodge*, 426 A.2d 888 (Me. 1980).

Kemper assumes that if speculation is required, the Complaint should be dismissed, but once the Estate avers the existence of coverage, speculation about whether coverage actually exists falls against the motion to dismiss, not the Complaint. Whether the Estate's claim of coverage survives a similar challenge based on policy language remains for another day.

## III.  CONCLUSION

The Court DENIES Kemper Independence Insurance Company's Motion to Dismiss (Docket # 5).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 16th day of February, 2010